IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AMY BADEN-WINTERWOOD**, | : | |
| Plaintiff, | : | Civil Action 2:06-CV-99 |
| v. | : | Judge Frost |
| **LIFE TIME FITNESS**, | : | Magistrate Judge Abel |
| Defendant. | | |

## OPINION & ORDER

Presently before the Court for consideration in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, case are two motions filed by Plaintiff Amy Baden-Winterwood ("Baden-Winterwood"). The first is a Motion for Conditional Class Certification and Authorization of Issuance of Notice to Prospective Class Members. (Doc.# 3). The second is a motion for expedited discovery. (Doc. # 4). The parties have reached an agreement on both motions, with the exception of the actual content and format of the class notice.[1] To that end,

---

[1] The Court, after having reviewed Plaintiff's Complaint, motion, and affidavit, and conducted a telephone status conference with the parties on April 12, 2005, utilizes its discretion to agree with the parties and to preliminarily conclude that potential class members are "similarly situated" to Baden-Winterwood. 29 U.S.C. § 216(b). Comer v. Wal-Mart Stores, Inc., No. 05-1761, 2006 U.S. App. LEXIS 18058, *3-5 (6th Cir. 2006) (citing *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 594 (S.D. Ohio 2002)). Therefore, the Court conditionally certifies the class as follows: Any current or former Life Time Fitness employees who, at any time between February 8, 2003 and the present: (1) have not been paid overtime for hours worked over forty during any given week; (2) have been paid a predetermined amount, which was identified by Life Time Fitness as base salary, during any given pay period; and (3) have been covered by a bonus or incentive compensation plan which includes or included a provision allowing for deductions to be made from the employee's base salary to recover for bonus or incentive overpayments. The Court further deems this case an appropriate matter in which to issue notice. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). *See also Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

Baden-Winterwood and Defendant Life Time Fitness ("Life Time") have each submitted a proposed class notice and consent form. (Doc. # 14 Ex. A; Doc. # 15 Ex. E). As such, the sole issue before the Court is which proposal to adopt for purposes of notifying potential class members about this case.

In summary, the Court **DENIES** Baden-Winterwood's motion for expedited discovery as moot in light of the parties' agreement on that topic. (Doc. # 4). And, for the reasons that follow, the Court **GRANTS** Baden-Winterwood's Motion for Conditional Class Certification and Authorization of Issuance of Notice to Prospective Class Members, but **DENIES** her motion to the extent it asks the Court to use her proposed notice. (Doc. # 3).

The parties' notices differ with respect to the following issues: (1) whether the Court should use Baden-Winterwood's version or Life Time's version; (2) whether the notice should contain a provision advising potential plaintiffs that they might be responsible for Life Time's costs if Life Time prevails; (3) the wording the notice should utilize regarding the possible discovery the potential plaintiffs may be required to complete; (4) whether the notice should inform the potential plaintiffs that Life Time's repayment of salary deductions does not affect their ability to opt-in; (5) whether contact information for Life Time's attorneys should be provided in the notice; and (6) the opt-in period. The Court will address the content issues separately before determining which version to endorse.

I. **LIFE TIME'S COSTS**

During the Court's April 12, 2005 conference call, Baden-Winterwood's counsel indicated that his firm would cover the costs and fees associated with the action in the event of a final Court ruling or verdict favoring Life Time. Consistent with that statement, Life Time's

draft includes language to that effect. Baden-Winterwood's version does not.

The Court concludes that such information is necessary for potential plaintiffs to make an informed decision about whether to opt-in as a plaintiff. Certainly, issues of financial responsibility for the suit would play into that determination, and numerous other courts have required such information be included in FLSA collective action notices. *See Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 580 (N.D. Iowa 2005); *Ponce v. Tim's Time, Inc.*, No. 03 C 6123, 2004 WL 1921038, at *3 (N.D. Ill 2004)*, Gjuroviceh v. Emmanuel's Marketplace*, 282 F. Supp. 2d 101, 107 (S.D. NY 2003). As such, the notice shall contain a provision to the effect that Baden-Winterwood's counsel has agreed to absorb court fees and costs in the event that Life Time prevails in this matter.

**II. DISCOVERY**

Baden-Winterwood's draft notice provides "[w]hile this suit is proceeding you may be required to provide information or discovery." (Doc. # 14 Ex. A ¶ V). Life Time's proposal states: "While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court." (Doc # 15 Ex. E ¶ VI).

The Court finds Life Time's proposal more appropriate. Baden-Winterwood's generic use of "discovery" without an explanation of what that term encompasses is likely to mean nothing to an individual who receives the notice. In contrast, Life Time informs the potential plaintiffs of the possibility of discovery requirements in words are familiar to the public. Life Time's offering therefore allows potential plaintiffs to make a reasoned decision about the time they would need to invest in the suit should they decide to opt-in the action. Furthermore, this Court previously approved the following language regarding discovery in a FLSA collective

action notice: "If you elect to join this lawsuit, you may also be required to provide information, give a deposition, and/or testify in court." *Smith, et. al., v. Lowe's Home Centers*, No. 04-774 (S.D. Ohio 2004) (Frost, J.) (Doc. # 71). Life Time's suggestion closely mirrors that language. Consequently, the Court holds that the wording of Life Time's proposal regarding discovery shall be in the notice.

### III.  REPAYMENT

Life Time recently issued payments to some of its employees. The repayments do not limit an individual's ability to participate in the suit; thus, during the April 12, 2005 telephone conference, the Court ordered the parties to include language to that effect in their drafts. Both parties complied, but now disagree about which side's language the Court should adopt.

On this topic, Baden-Winterwood's draft poses the question "May I participate in this lawsuit if Life Time Fitness repaid me money that was deducted from my salary in 2005?" and provides the following answer: "Yes. The Fact that Life Time Fitness may have repaid you recently for money that was deducted from your salary in 2005 does not affect your right to participate in this lawsuit. This suit does not seek to recover those benefits, and instead seeks to recover overtime for hours worked over 40 by the persons receiving this notice." (Doc. # 14 Ex. A ¶ IV). Life Time's draft is more concise. It poses the same question and then states: "The fact that Life Time Fitness may have repaid you recently for money that was deducted from your salary in 2005 does not affect your right to participate in this lawsuit." (Doc.# 15 Ex. E ¶ V).

The Court holds that a combination of the proposals should be utilized because Life Time's answer is somewhat confusing and Baden-Winterwood's language about what the lawsuit seeks to recover is repetitive. Accordingly, the topic shall be covered in the following

manner:

> May I Participate In This Lawsuit if Life Time Fitness Repaid Me Money That Was Deducted From My Salary in 2005?
>
> > Yes.  You may still participate in this lawsuit if Life Time Fitness recently repaid you money that was deducted from your salary in 2005.

### IV.   CONTACT INFORMATION FOR LIFE TIME'S COUNSEL

Next, the parties dispute whether the notice should contain contact information for Life Time Fitness' counsel.  Life Time's version contains the names and mailing addresses of its counsel.  (Doc. # 15 Ex. E ¶ IX).  Baden-Winterwood's draft includes the names of Life Time's attorneys and the names of the firms those attorneys are associated with but does not provide the addresses for those individuals and firms.  (Doc. # 14 Ex. A ¶ IX).

After reviewing the *Smith* notice referenced above as well as other FLSA collective action notices, the Court concludes that the notice shall contain the names and mailing addresses of Life Time's counsel, but shall not list the telephone numbers for those attorneys.  Deleting the phone numbers of Life Time's counsel will most likely eliminate any confusion as to whom potential plaintiffs should contact with questions.

### V.   OPT-IN PERIOD

Baden-Winterwood suggests that the Court provide potential plaintiffs sixty (60) days to complete and return the consent form.  (Doc. # 14 Ex. A ¶ 5).  Life Time urges the Court to adopt a thirty (30) day deadline.  (Doc. # 15 Ex. E ¶ IV).

The Court finds neither suggestion satisfactory.  Put simply, sixty (60) days is too long and would needlessly delay the litigation.  On the other hand, thirty (30) days is too short

5

because of forwarding issues with the United States Postal Service and because that time period does not allow potential plaintiffs to fully consider their options and contact their own attorney should they so desire. Instead, the Court shall take the middle ground–forty-five (45) days satisfies the Court's concern of balancing the need for speedy justice while at the same time allowing potential plaintiffs time to fully consider their options. Thus, the parties are **ORDERED** to include in the notice that the potential plaintiffs shall have forty-five (45) days to return their consent form in order to become a part of this suit.

## VI. VERSION

The last issue presented for the Court's consideration is which version to endorse. The decision is one of semantics, as both versions utilize the same question-and-answer format and contain largely the same content.

After reviewing both presentations in depth, the Court concludes that Life Time's proposal better serves the purposes of the notice; that is, Life Time's version clearly informs the potential plaintiffs of the who, why, when, where, and how. (Doc. # 15 Ex. E). In so informing, Life Time's draft uses plain English and contains, in an organized manner, all of the information a prospective plaintiff needs to know in order to make an informed decision about whether to complete and return the consent form.

Accordingly, the Court **ORDERS** Life Time to confer with Baden-Winterwood and e-mail a revised draft of its notice that incorporates the Court's rulings above **and** the notations below to Frost_Chambers@ohsd.uscourts.gov on August 7, 2006 for the Court's review. Once the Court has reviewed the document, it shall sign and file the parties' stipulation, accept the notice, and, once the appropriate dates have been established, order the Clerk to make the notice

a part of the record in this action and to provide the notice to all potential opt-ins.

## VII.   REMAINING ISSUES

To facilitate the orderly disposition of the case, and to ensure that the notice and consent forms are fair and balanced, the Court further directs the parties to modify Life Time's draft in the following ways:

1. Throughout the entire notice, Life Time shall be referred to Life Time Fitness, not LIFE TIME FITNESS.

2. Completed "Consent to Become a Party Plaintiff" forms should be mailed to Plaintiff's counsel, **not** to the Clerk of this Court.  The address of Plaintiff's counsel shall be clearly specified in paragraph IV.  Plaintiff's counsel shall stamp each consent when received with a date and time stamp.

3. The last sentence of paragraph IV should state as follows: "Please note that regardless of when the form is mailed, it must be received by Plaintiff's counsel on or before [date]" *instead* of "Please note that regardless of when the form is mailed, it must be received by Plaintiff's counsel on or before the date indicated above."

4. Paragraph VIII should delete any reference to an E-mail address for Plaintiff's counsel.

5. The sentence in paragraph VI that provides "Federal law prohibits Life Time Fitness from discharging or in any other matter discriminating against or disciplining you because you have exercised your rights under the FLSA" shall be removed from that paragraph and placed in a new paragraph labeled VII.

   Paragraph VII shall be entitled "May Life Time Retaliate Against Me for Joining this Suit?" All subsequent paragraphs should be re-numbered accordingly.

6. "**PLEASE DO NOT CONTACT THE COURT**," in bold and in all capital letters, shall be placed immediately after the second paragraph in the section entitled "Who Are The Attorneys For The Members of the Collective Action?"

7. At the end of the document on the left-hand side, the date of mailing should be stated. "The Honorable Gregory L. Frost, United States District Judge" should appear on the right-hand side of the notice.

8. The following changes only apply to the consent form:

- The first sentence under "Consent to Become a Party Plaintiff" shall be deleted and replaced with the following text: "My signature below indicates my belief that I satisfy the following criteria to join in this matter: I am, or was, a Life Time Fitness employee between February 8, 2003 to the present, who: (1) has not been paid overtime for hours worked over forty during any given week; (2) has been paid a predetermined amount, which was identified by Life Time Fitness as base salary, during any given pay period; and (3) has been covered by a bonus or incentive compensation plan which includes or included a provision allowing for deductions to be made from my base salary to recover for bonus or incentive overpayments."

- An asterisk (*) shall be added after "Social Security Number" with the corresponding parenthetical reading: "All Social Security Numbers will be

    kept confidential."

- Collection, retention, and filing of the consent forms shall be in compliance with S.D. Ohio Civ. R. 26.2.  Social security numbers shall be redacted from any document filed with the Court in accordance with that rule.

- The form shall contain a line for the date the form is completed.

- The form shall be due forty-five (45) days, not thirty (30) days, from the date of mailing.

- The form shall be mailed to Plaintiff's counsel.

Once again, the Court **ORDERS** the parties to e-mail the Court a copy of the notice and consent form, modified as outlined above, on August 7, 2006 to Frost_Chambers@ohsd.uscourts.gov for the Court's final review and approval.

  **IT IS SO ORDERED.**


             /s/   Gregory L. Frost

             **GREGORY L. FROST**
             **UNITED STATES DISTRICT JUDGE**