IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
OCT - 9 2007
JAMES BONINI, Clerk
COLUMBUS, OHIO

AMY BADEN-WINTERWOOD,

   Plaintiff,

v.

LIFE TIME FITNESS,

   Defendant.

Case No. 2:06-CV-99
JUDGE GREGORY L. FROST
Magistrate Judge Abel

## OPINION & ORDER

For the reasons that follow, the Court finds there is no just reason for delay of appellate review of its July 10, 2007 Opinion & Order (Doc. # 75) with respect to the ten Plaintiffs whose claims were dismissed in their entirety thereunder, and accordingly hereby directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to the dismissal of those ten Plaintiffs' claims.

### A. Background

In this Court's July 10, 2007 Opinion & Order (Doc. # 75), this Court found that Defendant violated the Fair Labor Standards Act ("FLSA") for the pay periods of November 9, November 23, and December 9, 2005. This Court limited Plaintiffs' relief under the FLSA to those three specific pay periods when actual deductions were taken from paychecks. The Opinion & Order accordingly dismissed entirely the claims of ten Plaintiffs who were not employed by Defendant during those specific pay periods.[1]

---

[1] These individuals, referred to herein collectively as the "ten Plaintiffs," were Plaintiffs Victor Barge, Kristina Brevard, Teresa Chaney, Elizabeth Davenport, Chrisondra Johnson, Scott Konieczny, Robert Nutinsky, Andrea Schroeder, Tina Seals, and Aaron Volbrecht. (Doc. # 75 at 26.)

By motion pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs asked this Court to certify its judgment as final as to the ten Plaintiffs whose claims were dismissed in their entirety to allow for an immediate appeal. (Doc. # 76.) Plaintiff also sought pursuant to 28 U.S.C. § 1292(b) for this Court to certify its Opinion & Order to allow an interlocutory appeal for the remaining sixteen Plaintiffs.

This Court originally denied Plaintiff's Motion. (Doc #80) Central to this Court's denial of Plaintiffs' request for Rule 54(b) certification was its finding "that the dismissed claims arise from the same factual allegations as the pending claims of the remaining Plaintiffs," and thus that "[j]udicial economy will be best served by delaying the appeal until the case is completed in order to present the case to the Sixth Circuit in a unified package." (Doc. # 80 at 8.)

Thereafter, during a telephone status conference on September 5, 2007, Plaintiffs' counsel represented to the Court that appellate review of this Court's July 10, 2007 ruling dismissing the ten Plaintiffs' claims in their entirety would substantially drive the resolution of this matter as to all twenty-six Plaintiffs. Defense counsel agreed. In light of this discussion, and for the reasons more fully explained below, this Court directs the entry of final judgment under Rule 54(b) as to those ten Plaintiffs whose claims were dismissed in their entirety by this Court's July 10, 2007 ruling.

### B.     Discussion

Federal Rule of Civil Procedure 54(b) is "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986). It provides, in relevant part:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

2

Fed. R. Civ. P. 54(b).

"[A]lthough Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court." *See General Acquisition, Inc. v. Gencorp, Inc.*, 23 F.3d 1022, 1026-27 (6th Cir. 1994). Rather, before a district court may certify an appeal under Rule 54(b), and thus permit review of an order prior to the ultimate disposition of the case, the court must be satisfied that two requirements are met. First, the Court must expressly "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." *See Lowery v. Fed Exp. Corp.*, 426 F.3d 817, 821 (6th Cir. 2005). There is no question that this first element is satisfied here, as this Court's July 10, 2007 decision disposed of some, but not all, of the parties and claims in this case. As noted above, the claims of ten Plaintiffs were ultimately and entirely dismissed by that Opinion & Order, while sixteen Plaintiffs are conceivably entitled to some relief thereunder, and their claims remain pending. Accordingly, the Court could direct entry of final judgment as to the dismissal of the ten Plaintiffs' claims at issue.

Second, the Court must "expressly determine that there is no just reason" to delay appellate review. *See Lowery*, 426 F.3d at 821. This express determination requires the Court "to balance the needs of the parties against the interests of efficient case management"; in other words, to consider "judicial administrative interests as well as the equities involved." *See Curtiss-Wright v. General Electric Co.*, 446 U.S. 1, 8 (1990).

In determining whether there is no just reason for delay, the Court considers relevant legal and practical factors. The Sixth Circuit has enumerated a non-exhaustive list of factors which this Court should consider when making a Rule 54(b) determination, namely: (1) the relationship between the dismissed and pending claims; (2) the possibility that the need for review might or might not be mooted by future development in the district court; (3) the

3

possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. *See General Acquisition*, 23 F.3d at 1030 (internal citations omitted). "The court is free to weigh the factors unequally based on a case-by-case basis and need not find that each factor favors certification in order to grant it." *See United States Secur. & Exchange Comm'n v. Blackwell*, 2007 WL 1169362 (slip copy) (S.D. Ohio Apr. 18, 2007) (citing *Curtiss-Wright*, 446 U.S. at 8 n.2).

After careful consideration of the factors set forth above, and utilizing its discretion, this Court finds that there is no just reason to delay appellate review of this Court's dismissal of the ten Plaintiffs' claims.

### 1. The Relationship Between the Ten Plaintiffs' Claims on Which Summary Judgment Was Granted and the Remaining Claims

The ten Plaintiffs' claims that have been dismissed in their entirety are sufficiently distinct from those of the sixteen remaining Plaintiffs conceivably entitled to some recovery upon proof of damages at trial. As this Court noted in its July 10, 2007 decision, the ten Plaintiffs were not employed by Defendant during the limited time period of liability, and thus are entirely precluded from relief. Simply put, no matter what the outcome of a possible trial on the sixteen remaining Plaintiffs' claims, the ten Plaintiffs will be entitled to no recovery whatsoever. There is nothing left to be decided at the district court regarding these ten Plaintiffs.

### 2. Mootness of Appellate Review

Because the claims of the ten Plaintiffs are separate from those of the remaining sixteen Plaintiffs, the need for review of the dismissal of the ten Plaintiffs' claims will not be affected by any future developments in the district court. In other words, it is clear that any further

4

developments in this Court regarding the remaining sixteen Plaintiffs would not moot the issues which the ten Plaintiffs seek to raise in their appeal. In any event, upon the entry of final judgment on the ten Plaintiffs' claims, this Court will stay all pending action as to the remaining sixteen Plaintiffs until all appeals have been exhausted by the ten Plaintiffs, as the parties have represented that appellate review of the ten Plaintiffs' legal claims will substantially drive the resolution of this matter as to all twenty-six Plaintiffs.

### 3. The Likelihood of Duplicative Appellate Review

Based upon the parties' representations, this Court's entry of a Rule 54(b) final judgment as to the dismissal of the ten Plaintiffs' claims is unlikely to lead to duplicative appellate review. The parties have represented that appellate resolution of the ten Plaintiffs' claims will facilitate resolution of the remaining sixteen Plaintiffs' claims. This factor thus counsels in favor of the entry of final judgment. *See Lowery*, 426 F.3d at 823 ("The prospect that appellate resolution could facilitate settlement of the remaining claims is a relevant consideration that may be weighed against the possibility that the same issues might be presented in a subsequent appeal." (citation omitted)). Indeed, in light of the parties' representations, there is little to no possibility that the appellate court might have to consider the same issues a second time.

### 4. Set-Off

There is no claim or counterclaim that could result in a set-off against a final judgment as to the dismissal of the ten Plaintiffs' claims.

### 5. Miscellaneous Considerations

This Court's desire to avoid the possibility of multiple trials weighs in favor of entry of final judgment as to the dismissal of the ten Plaintiffs' claims. If the Sixth Circuit were to reverse this Court's underlying liability determination, it would obviate the need for any trial on the claims of the sixteen remaining Plaintiffs which will be stayed until all appeals have been

exhausted by the ten Plaintiffs. In the event that the Sixth Circuit reverses this Court's award of summary judgment on the issue of the liability period, the ten Plaintiffs could pursue the reversed claims in the same trial as the remaining sixteen Plaintiffs pursue their claims. If this Court were to wait until the end of this action to enter final judgment, and thereafter the Sixth Circuit were to reverse this Court's award of summary judgment in favor of Defendant on the issue of the liability period, a second trial is likely to result.

Further, as noted above, appellate review of the dismissal of the ten Plaintiffs' claims will not result in delay, but rather will substantially drive the resolution of this matter and trim expense, for the parties and for this Court. Further, an immediate appeal on those issues will not only advance the resolution of this case, but also may advance the resolution of two similar actions pending in Minnesota and Illinois involving the same parties.

### C. Conclusion

Because there is no just reason for delay, pursuant to Rule 54(b) the Court **DIRECTS** the Clerk of Court to enter final judgment as to the ten Plaintiffs whose claims were dismissed in their entirety by this Court's July 10, 2007 summary judgment decision. The claims of the other sixteen Plaintiffs, who were found to be conceivably entitled to recovery under the July 10, 2007 decision, remain pending, but the Court **VACATES** all remaining case deadlines, **STAYS** additional proceedings in this action until conclusion of any and all appeals, and **ADMINISTRATIVELY CLOSES** this action. The parties shall file notice with this Court within fourteen days of entry of the Court of Appeals' mandate, at which time the Court shall proceed to reactivate this case on the docket.

**IT IS SO ORDERED.**

_____
**GREGORY L. FROST
UNITED STATES DISTRICT JUDGE**