IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


AMY BADEN-WINTERWOOD,
individually and on behalf of others
similarly situated,
                Plaintiffs,           Case No. 2:06-cv-99
                                                JUDGE GREGORY L. FROST
     v.                                       Magistrate Judge Mark R. Abel

LIFE TIME FITNESS, INC.,
                Defendant.


**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Reconsideration of Order on the Merits of Tina Seals's Salary Level Claim ("Plaintiffs' Motion for Reconsideration") (Doc. # 106), Defendant's Opposition to Plaintiffs' Motion for Reconsideration (Doc. # 108), and Plaintiffs' Reply in Support of their Motion for Reconsideration (Doc. # 109). For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion for Reconsideration.

**I. Background**

On February 13, 2006, Plaintiffs, a class of twenty-four individuals that are current or former employees of Defendant, filed their complaint alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* by treating Plaintiffs as overtime-exempt employees. (Doc. # 1.) The Court granted in part and denied in part each parties' motion for summary judgment. (Doc. # 75.)

Plaintiffs and Defendant appealed that decision to the United States Court of Appeals for the Sixth Circuit. (Doc. # 86.) The Sixth Circuit affirmed in part, reversed in part, and

1

remanded in part that decision. With regard to the remanded portion, the Sixth Circuit stated: "Finally, the Court **REMANDS** the issue of whether Plaintiff Tina Seals's compensation met the salary level test to the district court for further consideration consistent with this opinion." (Doc. # 88 at 24) (emphasis in original).

On remand, this Court first considered whether, consistent with the Sixth Circuit's opinion, Tina Seals's claim for relief under the salary level test was properly before it. (Doc. # 101.) The Court determined that the claim was properly before it and amended the complaint to so reflect. The Court then directed the parties to file simultaneous briefs addressing the merits of Seals's claim.

On May 3, 2010, this Court issued an Opinion and Order on the merits of Seals's claim in which it determined that Seals's compensation met the salary level test:

> Under the salary level test, 29 C.F.R. § 541.6001, employees must be paid a minimum of $455 per week or $23,660 per year to qualify for the exemption from overtime pay. It is undisputed that Seals was only paid $231 per week or $12,000 per year because she was classified by Defendant as part-time. Because this amount does not meet the salary level test, Seals was not an exempt employee. Thus, Seals's compensation meets the salary level test and she was improperly classified as an overtime-exempt employee.

(Doc. # 105 at 3.) The Court then decided that, although Seals did not work overtime, *i.e.*, hours over forty per week, she was entitled to pay for the hours she worked over the twenty hours per week for which she was not paid. Finally, the Court found that the relevant time period for which pay may be due Seals were the pay periods of October 16, 2005 and October 24, 2005. Plaintiffs now move for reconsideration of the final portion of that decision.

## II. Standard

A district court's authority to reconsider its previous orders has been recognized to afford

2

such relief as justice requires. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 952 (6th Cir. 2004) Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

### III. Discussion

In Plaintiffs' Motion for Reconsideration, Plaintiffs ask this Court to reconsider the portion of its Opinion and Order related to the relevant time period for which Seals may be entitled to recover unpaid wages. In that portion, this Court determined the relevant time period to be the same period of time for which the Sixth Circuit had limited all of the other class plaintiffs:

> Turning to the relevant time period for which pay may be due to Seals, Seals argues that she is entitled to unpaid wages and overtime during the time period she was misclassified – August 1, 2005 through October 24, 2005. Defendant disagrees and contends that the Sixth Circuit affirmed the portion of this Court's decision limiting liability during 2005 to the three pay periods corresponding to work performed from October 16 through November 30, 2005. Thus, there are only two pay periods at issue here, i.e., the October 16, 2005 and the October 24, 2005 pay periods.

(Doc. # 105 at 4-5.) Plaintiffs argue that limiting Seals's recovery to these two pay periods is an error of law. Plaintiffs explain that the Sixth Circuit's time period limitation was relevant only to the salary *basis* test and Seals, as this Court found, is a non-exempt employee because of the salary *level* test. Further, Defendant violated the salary *level* test with respect to Ms. Seals, not just during the workweek of October 16, 2005 through October 24, 2005, but during her entire employment starting August 1, 2005.

In Defendant's opposition memorandum, Defendant does not challenge the merits of

3

Plaintiff's position. Instead, Defendant argues, first, that Plaintiffs failed to demonstrate that reconsideration is appropriate under the relevant standard. Second, Defendants asks that if the Court is inclined to grant Plaintiffs' motion that it also "clarify that Seals cannot pursue claims for her 'regular rate of pay.' " (Doc. # 108 at 2, 3.) Third, Defendant argues that in the complaint, and throughout this action, Seals made no claim for unpaid wages, but only one for overtime wages. Defendant's arguments and request are not well taken.

Turning to the third argument, Plaintiffs' complaint explicitly states a claim for unpaid wages: "This is an action . . . for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*" (Doc. # 1at ¶1.) Also, the prayer for relief asked for judgment against Defendant "awarding Plaintiffs their unpaid wages including overtime" and "awarding Plaintiffs such other further relief as the Court deems just and proper." *Id.* at 8. Moreover, Plaintiffs' actions throughout this case have been in conformity with their complaint in this regard. (*See e.g.*, Doc. # 99) (Plaintiffs' brief requesting the Court to hear her salary level test claim and describing her claim as one for "unpaid wages/overtime.").

With regard to Defendant's request, Defendant reiterates its position set forth in the simultaneous filed brief that the only remedy for a violation of the salary level test is overtime and not unpaid wages. In other words, Defendant can pay Seals a salary covering twenty hours per week, but when she works forty-five hours per week, Defendant does not have to pay her for hours twenty through forty, only the five overtime hours between forty and forty-five. This Court already rejected this position:

> Seals argues that she did not receive pay for hours over twenty, she worked more than twenty hours per week during the relevant time period, and she is thus entitled to pay for the hours she worked. Indeed, as Plaintiffs correctly point out, the FLSA requires that all hours worked must be compensated. *See Tennessee*

4

> *Coal, Iron & R.Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944) ("Congress enacted the FLSA to guarantee either regular or overtime compensation for all actual work or employment."); *Chao v. Tradesmen Int'l, Inc.*, 310 F.3d 904, 907 (6th Cir. 2002) ("The FLSA requires employers to pay at least a specified minimum wage for each hour worked, see 29 U.S.C. § 206, and overtime compensation for employment in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1)."). Accordingly, the Court concludes that Seals is entitled to receive pay for the hours she worked over twenty for the relevant time period. If Defendant contends that Seals was paid for the hours per week she worked over twenty, it can introduce that evidence at trial (an issue discussed below).

(Doc. # 105 at 4.) Defendant does not distinguish the cases upon which this Court relied, nor does it offer any new law upon which this Court could reconsider its previous holding.

Finally, the Court disagrees with Defendant's first argument against Plaintiffs' request for reconsideration, that is, that Plaintiffs failed to demonstrate that reconsideration is appropriate under the relevant standard. As Plaintiffs correctly explain, the Sixth Circuit's time period limitation was based on a finding that the salary basis test was violated during that time frame because there was an "actual practice of deductions" during those weeks. The Sixth Circuit did not consider the separate reason for Plaintiff Seals' claims – that the salary level test was violated. Indeed, as this Court previously explained, this is the issue which was remanded back for this Court to determine.

The key here is that both the salary basis test and the salary level test must be satisfied in order for an employee to be exempt and not paid overtime. See Order at 2 citing ACS v. Detroit Edison Co., 444 F.3d 763, 767 (6th Cir. 2000) ("to establish an overtime exemption under the FLSA,…the employer must satisfy three tests 'a (1) duties test; (2) salary level test; and (3) salary level test'") (emphasis added). All three items were not met here. While the Sixth Circuit found that the salary basis test was not violated during August 1, 2005 through October 15, 2005, it is undisputed the salary level test was violated during that time frame. (Doc. # 105

5

at 3) ("It is undisputed that Seals was only paid $231 per week or $12,000 per year because she was classified by Defendant as part time. Because this amount does not meet the salary level test, Seals was not an exempt employee.") Consequently, the appropriate time period to during which Seals may be entitled to unpaid wages is August 1, 2005 through October 24, 2005–the time period Seals was misclassified.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Reconsideration. (Doc. # 106.)

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**