IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMY BADEN-WINTERWOOD, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE TIME FITNESS, INC.,<br><br>Defendant. | Case No. C2-06-00099<br><br>Judge Gregory L. Frost<br><br>Magistrate Judge Mark R. Abel<br><br>**PLAINTIFFS' MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)** |

Now comes Plaintiff Jennifer Barclay, by and through undersigned counsel, and respectfully requests this Court amend the portion of its July 31, 2010 order of judgment which declined to award Plaintiff Barclay any overtime pay and dismissed her as a class member from this matter for failing to respond to discovery.

This Court has previously articulated the standard to apply in considering a motion to amend an order:

> A district court's authority to reconsider its previous orders has been recognized to afford such relief as justice requires. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 952 (6th Cir. 2004). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id*. (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

Doc. #110.

Amending the judgment to award Plaintiff Barclay overtime in the same manner as the other non-testifying class members prevents injustice. As further explained herein, dismissal is a harsh result because there was no motion pending to dismiss Ms. Barclay from this lawsuit; Ms.

Barclay's submission of a discovery response would not have changed the outcome at trial; and the reason for Ms. Barclay's failure to respond to discovery was not willful – it was due to the fact that she has been moving frequently since 2006 and never received the discovery requests to complete.

First, dismissing Plaintiff Barclay from the case is a harsh result considering no motion to dismiss was pending. Plaintiff has thus never had the opportunity to respond to this issue of discovery. In candor, Plaintiff never knew there was anything to respond to. Life Time Fitness never moved to dismiss Plaintiff Barclay from the lawsuit, and thus Plaintiff did not file any briefing in response to Defendant's statement in the trial stipulation "Defendant disagrees that Plaintiff Barclay may seek any overtime damages whatsoever because she failed to respond to Defendant's discovery requests[.]" Order citing Stipulation (Doc. #119 at 5). The undersigned read the statement as merely expressing Defendant's disagreement with the preceding sentence which stated, "Plaintiffs claim that Plaintiff Barclay may seek overtime damages for work performed from October 16, 2005 through November 30, 2005." Id. at 4. The undersigned did not view this statement as Life Time asking the Court to do anything.

In fact, since the discovery was served over four years ago in November 2006, Life Time has never filed any sort of motion with respect to Ms. Barclay. No motion to compel. No motion to dismiss. No motion for discovery sanctions. No briefing whatsoever.

In its 2010 brief concerning the appropriateness of representative testimony for trial is where Life Time first asserted the Court should dismiss Plaintiff Barclay or alternatively asked the Court to order Ms. Barclay to answer the discovery. See Doc. #97 at 16, fn4. This Court declined to dismiss Ms. Barclay or order her to respond to discovery stating:

> Defendant notes in its motion that one of the plaintiffs has not responded to discovery requests, and should, therefore, be dismissed from this action.

>Defendant has failed to brief this issue in any manner that would warrant the Court's consideration.

Doc. #98 at FN1.

Yet even after this statement by the Court, Life Time never pursued this any further. No motion at limine in trial to exclude having representative evidence apply to Plaintiff Barclay. No motion for judgment at trial on this issue. Specifically, nowhere in the opening, or closing, or body of trial did Life Time ever move to dismiss Barclay, or block her from receiving the relief given to the other non-testifying class members.

In light of this, and the fact that there has never been any order compelling Plaintiff Barclay to respond to discovery[1], Plaintiff submits it is unjust to dismiss her from this case.

Second, dismissal is particularly unjust because even had Plaintiff Barclay responded to discovery it would not have changed the outcome at trial. The lack of relevance of her discovery response is underscored by the fact that Life Time did not use the discovery responses of any non-testifying class member in any way, shape, or form, at trial. This is true even though a number of non-testifying class member admitted in discovery to working *less* hours than the testifying plaintiffs. Thus had Plaintiff Barclay responded to discovery, it would not have impacted the trial. Indeed, this Court correctly found that the testifying plaintiffs were representative of the non-testifying plaintiffs at trial. This includes non-testifying plaintiff Jennifer Barclay.

Finally, Plaintiff Barclay's non-response to discovery was not due to a willful disregard of the process, but because Plaintiff Barclay never received the questionnaire. The undersigned

---

[1] This is an important distinction between the present case and the one cited by this Court, *Tum v. Barber Foods, Inc.*, No. 00-371-P-C, 145 Lab.Cas. P34, 2002 WL 47899 (D. Me Jan. 11, 2002). In *Tum*, the court ordered the non-responsive plaintiffs to respond to discovery or face dismissal. The *Tum*, the plaintiffs were only dismissed *after* being ordered to, but failing, to respond to discovery. There was no such order here.

3

mailed the questionnaire (used to answer Life Time's discovery requests) to Plaintiff Barclay using the address provided by Life Time Fitness. See, Affidavit of Nicole Fiorelli, attached. The undersigned did not receive a response from Plaintiff Barclay and searched for an alternative address and phone number for her for several months after the initial December 2006 mailing without success. Id. The undersigned then obtained an alternative address for Plaintiff Barclay shortly before the trial and sent her a letter via certified mail. Id. Plaintiff Barclay contacted the undersigned on June 25, 2010 after receiving the letter the undersigned had sent to her. Id. Plaintiff Barclay indicated she never received any questionnaire from the undersigned and that she had been moving around the country since the time she opted-in to the lawsuit in 2006. Id.

For all of these reasons, Plaintiff Barclay submits that dismissing her case would be a harsh and unjust result. Accordingly, Plaintiff respectfully requests this Court to amend the judgment to include Plaintiff Barclay as a class member and issue her an overtime award. Specifically, Plaintiff Barclay requests an award of $2657.30 which breaks down as follows:

- Plaintiff Barclay's time period to recover overtime was 6 weeks – from October 16, 2005-November 30, 2005. Stipulation (Doc. #119 at 4-5).

- Plaintiff Barclay as a Life Café Department Head is entitled to compensation for 56.5 hours per week (the average of testifying Plaintiffs Galloway and Koneiczny, see Order at 60-61) during the relevant time period, for which she was only compensated for 40 hours per week.

- Therefore Plaintiff Barclay was not compensated for 16.5 hours per week for 6 weeks.

- The parties stipulated that during this time period Plaintiff Barclay's regular rate of pay was $13.89 per hour.

4

- <u>The first 6 overtime hours</u>: $13.89 x .5 = $6.95 x 6 hours = $41.70 x 6 weeks = $250.20

- <u>The remaining 10.5 overtime hours</u>: $13.89 x 1.5 = $20.84 x 10.5 hours = $218.82 x 6 weeks = $1312.92

- <u>The total amount owed including liquidated damages</u>: $250.20 + $1312.92 = $1563.12 x 1.7 = $2657.30.

                        Respectfully submitted,

                        /s/ Nicole T. Fiorelli
                        Patrick J. Perotti, Esq. (#0005481)
                        Keith R. Kraus, Esq. (#0000817)
                        Nicole T. Fiorelli, Esq. (#0079204)
                        **DWORKEN & BERNSTEIN CO., L.P.A.**
                        60 South Park Place
                        Painesville, Ohio 44077
                        (440) 352-3391    (440) 352-3469 fax
                        Email:  *pperotti@dworkenlaw.com*
                                  *kkraus@dworkenlaw.com*
                                  *nfiorelli@dworkenlaw.com*

                        Attorneys for Plaintiffs

**PROOF OF SERVICE**

A copy of Plaintiff's Motion to Amend the Judgment was served via the Court's Electronic Filing System on August 5, 2010.

                        /s/ Nicole T. Fiorelli
                        Nicole T. Fiorelli, Esq. (#0079204)
                        **DWORKEN & BERNSTEIN CO., L.P.A.**

                        One of the Attorneys for Plaintiffs